Complainant's bill is for the foreclosure of a mortgage held by it. With the view of ultimately rendering them liable upon their bond for any resultant deficiency, as required by P.L. 1933ch. 82 p. 172, Harry A. Hecht and Abram Preiskel were joined as parties defendants therein. Both of these defendants have filed an answer asserting that the bond, notwithstanding their respective signatures thereon, is legally inefficacious as against them, because of its non-delivery to complainant. By way of counter-claim, these defendants also seek to recover money which they claim to have paid complainant under a mistake of fact. As thus framed, these are the controversial issues here presented for determination.
Until delivered in the legal sense of that word, by them or with their consent, the bond in question, even though signed by both, could not become legally operative as against either *Page 354 
of these defendants; a delivery, as contemplated by law, being essential to its becoming invested with legal vitality as against them. Real Estate-Land Title and Trust Co. v. Stout, 117 N.J. Eq. 37; Manchester Building and Loan Association v. Allee,81 N.J. Law 605; Ordinary v. Thatcher, 41 N.J. Law 403; Black v.Shreve, 13 N.J. Eq. 455; State Bank of Trenton v. Evans,15 N.J. Law 155. Hence the question: Was there such a delivery? That there was is insisted by complainant and denied by said defendants.
The events leading up to and underlying the signing of the bond by both of these defendants, clearly point to the proper solution of that issue. From them it incontrovertibly appears that in 1926 the Rutherford Amusement Company, in order to secure the repayment of a $15,000 loan then obtained by it from the complainant, executed and delivered to the latter a mortgage on the premises in question, together with a bond in the execution of which, defendants Hecht and Preiskel and one Daniel Rentschler — who constituted all of its stockholders, directors and officers — joined in their respective individual capacities. Thereafter, in 1927, the mortgaged premises were conveyed by the amusement company to Christensen Drug Company, one of the defendants herein, subject to a new bond (on which only defendants Hecht and Preiskel appeared as individual obligors) and a mortgage in the sum of $10,000 each, which it had, concurrently with said conveyance, executed and delivered to complainant in lieu of the then existing $15,000 bond and mortgage which was then surrendered for cancellation.
The drug company, having subsequently defaulted in its payments under that mortgage, complainant's secretary, in the latter part of 1932, advised defendant Hecht thereof and also then informed him of the likelihood of foreclosure proceedings being instituted under said mortgage in the event that satisfactory arrangements for payment were not made. Consequently, defendant Hecht conferred with defendants Christensen and Foller (officers of the defendant drug company), Hecht and Preiskel and Mr. Rentschler, with the result that the last named three agreed to contribute $60, *Page 355 
and the drug company $50, per month towards the payments of $110 per month which complainant demanded be made under its said bond and mortgage. In this agreement or conference, however, complainant had or took no part.
In July or August of 1933, complainant's secretary informed defendant Hecht of the necessity of recasting the then existing $10,000 bond and mortgage, in order to comply with the requirements of the examiners of the state banking and insurance department. This recast bond, as defendant Hecht testified, was to be signd by him and Messrs. Preiskel and Rentschler, in their individual capacities, and which the latter two, at a conference with him, had agreed to do. Mr. Rentschler, however, failed to testify to his having ever agreed to sign that bond in his individual capacity jointly with defendants Hecht and Preiskel or otherwise.
Pursuant to notification from complainant's secretary to him, defendant Hecht, together with Messrs. Christensen and Foller, appeared at complainant's office and there executed the bond in question. It was sometime thereafter that defendant Preiskel claims to have affixed his signature to said bond, although all of complainant's witnesses testified to his signature having already been on it when signed by Messrs. Christensen, Foller and Hecht. However, it is of no legal moment here as to whether Preiskel signed the bond before or after the other obligors, since he himself nowheres testified that he delivered the bond to Mr. Arnold or anyone else, upon condition that it was not to become legally operative as against him unless and until it was first signed by Mr. Rentschler. Consequently, his defense, on the basis of his own testimony, is unsustainable and of necessity must fail.
In support of his defense, defendant Hecht testified that, after having affixed his signature, he delivered the bond to Mr. Arnold with instructions to the latter not to turn it over to complainant until it had first been signed by Messrs. Preiskel and Rentschler. In this, he not only lacks corroboration but is vigorously contradicted by Mr. Arnold and other of complainant's witnesses. But a determination as to which of these conflicting versions is the true one, is here unnecessary *Page 356 
in view of defendant Hecht's failure, based upon his own testimony, to sustain his interposed defense of non-delivery of the bond in issue.
It is incontrovertible that Mr. Arnold here acted as attorney and agent for complainant. There is no evidence tending to show or from which it could be claimed that he also acted as special agent or otherwise for defendant Hecht. Hence, the delivery of the bond by defendant Hecht to him constituted a delivery thereof to complainant itself; and as such was devoid of and detached from the extraneous conditions or instructions under which said defendant claims to have delivered it to him; for it is now well settled that a deed cannot be delivered in escrow to the grantee or obligee thereunder. Ordinary v. Thatcher, supra, and cases there cited.
With respect to the counter-claim, the evidence is convincing that the monthly contributions of $60 were paid to complainant for the use and benefit of the Christensen Drug Company, pursuant to an agreement made between it and said defendant and not under a mistake of fact as alleged by the counter-claimants herein.
Complainant is entitled to the relief prayed for and to a dismissal of the counter-claim. Decree accordingly.